UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIFFANY ANN CHARPENTIER,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

No. 2:13-cv-1479-EFB

ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, plaintiff's motion is granted, defendant's motion is denied, and the matter is remanded for further proceedings.

I. BACKGROUND

Plaintiff protectively filed an application for SSI March 29, 2010, alleging a period of disability beginning on March 31, 2004.[1] Administrative Record ("AR") 200-208. Plaintiff's application was initially denied on June 1, 2010, and upon reconsideration on October 29, 2010.[2]

[1] Plaintiff subsequently amended her disability onset date to March 31, 2010. AR 22.

[2] Plaintiff also filed an application for Disability Insurance Benefits under Title II of the Social Security Act. Because plaintiff amended her disability onset date to a date after her date last insured, which was March 31, 2004, plaintiff was not entitled to Title II benefits and therefore voluntarily elected to withdraw her application for DIB. *See* AR 22.

*Id*. at 111-116, 127-132. On March 8, 2012, a hearing was held before administrative law judge ("ALJ") Trevar Skarda. *Id*. at 37-54. Plaintiff was represented by counsel at the hearing, at which she and a vocational expert ("VE") testified. *Id*.

On March 19, 2012, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[3] *Id.* at 22-31. The ALJ made the following specific

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2004.

2. The claimant has not engaged in substantial gainful activity since March 31, 2004, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

   The claimant has the following serve impairments: Depression, anxiety, polysubstance dependence in remission (20 CFR 404.1520(c) and 416.920(c)).

   * * *

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

   * * *

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to simple routine repetitive tasks and occasional superficial interaction with the public.

   * * *

5. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

   * * *

6. The claimant was born on August 10, 1974 and was 29 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR. 404.1563 and 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

* * *

10. The claimant has not been under a disability, as defined in the Social Security Act, since March 31, 2004, through the date of the application (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 25-30.

Plaintiff requested the Appeals Council review the ALJ's decision, *id.* at 18, and on May 24, 2013, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner of the Social Security. *Id.* at 1-6.

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

/////

/////

/////

III. ANALYSIS

Plaintiff argues that the ALJ erred in (1) rejecting examining physician Dr. White's opinion without legally sufficient reasons; (2) failing to fully account for Dr. Gregg's opinion that plaintiff had moderate mental limitations; and (3) failing to provide legally sufficient reasons for discrediting plaintiff's credibility and third-party statements. ECF No. 16 at 11-22.

A) The ALJ Provided Legally Sufficient Reasons for Rejecting the Opinions of Plaintiff's Examining Physician, Dr. White

Plaintiff first argues that the ALJ erred by rejecting the medical opinions of her examining physician without providing legally sufficient reasons. ECF No. 16 at 11-14. To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). More weight is generally given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1295 (9th Cir. 1996). An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (*e.g.*, supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

At her attorney's request plaintiff was examined by Dr. White. AR 313-323. Dr. White diagnosed plaintiff with obsessive-compulsive disorder, major depression, borderline personality

traits, and polysubstance dependence in remission, and opined that these impairments would preclude plaintiff from substantial gainful activity for a period of more than twelve months. *Id*. at 317. She opined that plaintiff had mild limitations in her ability to understand, remember, and carry out short and simple repetitive instructions or tasks, but moderate limitations in understanding and remembering detailed instructions or tasks. *Id*. at 319-320. It was also her opinion that plaintiff had marked limitations in carrying out detailed instructions, retaining attention and concentration for extended periods of time, performing activities within a schedule, sustaining an ordinary routine without supervision, working in coordination with or proximity to others without being unduly distracted, and completing a normal workday and workweek without interruption from psychologically-based symptoms. *Id*. at 320-321. Dr. White further opined that plaintiff would be unable to complete three to four normal workdays each month. *Id*. at 322.

The record also contains an opinion from Dr. Gregg, a non-examining physician. AR 79-81. Dr. Gregg opined that plaintiff was moderately limited in her ability to carry out detailed instructions, maintaining attention and concentration for extended periods, performing activities within a schedule, maintaining regular attendance and being punctual, completing a normal workday and workweek without interruptions from psychologically-based symptoms, and performing at a consistent pace without an unreasonable number and length of rest periods. *Id*. at 79-80.

In assessing plaintiff's residual functional capacity, the ALJ gave substantial weight to Dr. Gregg's opinion, while giving little weight to Dr. Weight's opinion. AR 28-29. Dr. White's opinion was contradicted by the less limited assessment provided by Dr. Gregg, and therefore the ALJ was required to give specific and legitimate reasons for giving it "little weight."

The ALJ provided several reasons for giving reduced weight to Dr. White's opinion. First, the ALJ found that Dr. White's opinion was "not consistent with the record or supported by the claimant's activities of daily living." *Id*. at 29. An ALJ may reject a treating or examining physician's opinion that is inconsistent with other evidence in the record, including a plaintiff's reported daily activities. *Morgan v. Comm'r Soc. Sec. Admin.* 169 F. 3d 595, 601-602 (9th Cir. 1999). As observed by the ALJ, plaintiff regularly attends AA meetings, has completed parenting

classes to regain custody of her children, and takes care of her children. AR 234, 237. The record also shows that plaintiff was a full-time student as of January 18, 2012,[4] *id*. at 39, and that prior to that date she attended school on a part-time basis and was able to maintain a 4.0 GPA. *Id*. at 308. The ALJ properly concluded that plaintiff's ability to attend AA meetings and school, as well as successfully complete college course work, was inconsistent with Dr. White's opinion, particularly her finding that plaintiff had marked limitations in concentration and persistence and social function.

The ALJ also noted that plaintiff "underwent the examination that formed the basis of [Dr. White's] opinion . . . not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for the current appeal." AR 29. Plaintiff contends that it was improper for the ALJ to consider the purpose for which Dr. White provided her opinion. ECF No. 16 at 13. However, whether the consultative nature of the examination and opinion may be taken into consideration and whether it alone may serve as the basis for rejecting the opinion are two different questions. "[T]he mere fact that a medical opinion is provided at the request of counsel, or more broadly, the purpose for which an opinion is provided, is not a legitimate basis" to reject the doctor's opinion. *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998). Nevertheless, an ALJ is permitted to consider such circumstances when assessing the reliability of the report. *See id*; *see also Saelee v. Chater*, 94 F.3d 520, 522-523 (9th Cir. 1996) (finding that an ALJ may question a doctor's credibility where the opinion had been solicited by the claimant's counsel). Thus, the ALJ was permitted to consider the reason Dr. White provided an opinion. Furthermore, the ALJ did not completely disregard Dr. White's opinion simply because it was provided at plaintiff's request. Indeed, the ALJ specifically noted that "[a]lthough such evidence is certainly legitimate and deserves due consideration, the contexts in which it was produced cannot be entirely ignored." AR 29. Thus, the ALJ properly considered the purpose for which Dr. White's opinion was provided in assessing its weight but the ALJ did not fail to take appropriate account of Dr. White's opinion.

---

[4] At the hearing, plaintiff requested a closed period of disability from March 31, 2010 through January 17, 2012.

The ALJ also specifically rejected Dr. White's opinion that plaintiff was precluded from substantial gainful activity for at least 12 months because it "touch[ed] on an ultimate issues that is reserved for the commissioner . . . ." AR 29. An opinion "is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2006) (internal citations omitted); *see also* 20 CFR § 404.1527(e) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). Dr. White's statement that plaintiff could not engage in substantial gainful activity was simply another way of stating that she believed plaintiff was disabled. *See* 42 U.S.C. § 423(d)(1)(a) (defining disability as an "inability to engage in any substantial gainful activity by reason of any . . . physical or medical impairment which . . .can be expected to last for a continuous period of not less than 12 months."); 42 U.S.C. § 1382c(a)(3)(A) (same). As this opinion went to the ultimate issue of disability, it was not binding on the ALJ and therefore the ALJ properly rejected this opinion.

Accordingly, the ALJ gave specific and legitimate reasons for rejecting Dr. White's opinions.

B) <u>The ALJ's RFC Determination Failed to Properly Incorporated Dr. Gregg's Opinion</u>

Plaintiff points out that the ALJ purported to give significant weight to the opinion of Dr. Gregg. ECF No. 16 at 14-17. But plaintiff argues that in assessing plaintiff's RFC the ALJ erred by failing to account for various limitations assessed by Dr. Gregg.

On May 25, 2010, Dr. Gregg completed a Psychiatric Review Technique Form. AR 82-90. Dr. Gregg indicated in this form that plaintiff was moderately impaired in maintaining concentration, persistence or pace. *Id*. at 90. In assessing whether plaintiff's limitations satisfied one of the listings at the third step of the sequential evaluation process, the ALJ agreed with this assessment and expressly found that plaintiff had moderate limitations in concentration, persistence, or pace. AR 25. Plaintiff argues, however, that the ALJ later failed to include this limitation in his RFC determination. The point is well taken. Dr. Gregg opined as to plaintiff's limitations in concentration, persistence, or pace, and the ALJ did indeed state that he gave substantial weight to Dr. Gregg's opinion in finding that plaintiff had these moderate limitations.

ECF No. 16 at 16. Nonetheless, the only mental limitations assessed by the ALJ are that plaintiff was limited to simple, repetitive work and the RFC assessment did not encompass the findings of moderate limitations in concentration, persistence, or pace. *Id*. The omission in the RFC assessment is not a mere formality. As noted below, it affected the hypothetical presented to the VE as to whether jobs exist that plaintiff could perform in light of the assessed RFC.

In addition to the Psychiatric Review Technique Form, Dr. Gregg also completed a Mental Residual Functional Capacity Assessment. AR 79-81. Speaking to the work functions of concentration and persistence, Dr. Gregg opined that although plaintiff had moderate limitations in the ability to maintain attention and concentration for an extended period, and in the ability to carry out detailed instructions and perform activities within a schedule, plaintiff is not significantly limited in her ability to understand, remember and carry out short and simple instructions and not in her ability to sustain an ordinary routine without supervision. *Id*. at 79.

However, Dr. Gregg also found that plaintiff had moderate limitations in performing activities in a schedule, maintaining regular attendance, and being punctual within customary tolerance. *Id*. Dr. Gregg further found that plaintiff had moderate impairments in her ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. *Id*. at 80. Although the ALJ gave significant weight given to Dr. Gregg's opinion, the ALJ failed to adequately consider these other limitations assessed by Dr. Gregg. "Where an ALJ has already found a physician's opinion to be credible and concrete, an ALJ can err by omitting aspects of that physician's opinion from the RFC." *Hann v. Colvin*, 2014 WL 1382063, at * 22 (N.D. Cal. March 28, 2014).

The ALJ did not explain why such limitations were not included in plaintiff's RFC. Indeed, he did not even discuss these particular limitations in his decision. *See id*. at 28. Furthermore, the failure to address plaintiff's limitations in maintaining attendance and completing a normal workday was not harmless. At the hearing, plaintiff's counsel specifically asked the VE to identify jobs that could be performed by an individual that is limited to simple, route, repetitive tasks, and occasional superficial interaction with the public, but would also be

unable to be on a schedule and would not be able to function appropriately one to two days a week. *Id*. at 53-54. The VE stated that there would be no jobs available. *Id*. at 54. Thus, had the ALJ adopted Dr. Gregg's opinion in full, plaintiff would have been found disabled. However, the ALJ did not explain why he adopted some portions of Dr. Gregg's opinion and rejected others. Accordingly, the matter must be remanded for further consideration of medical evidence.[5]

VI. CONCLUSION

The ALJ's decision is not supported by substantial evidence. Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;
2. The Commissioner's cross-motion for summary judgment is denied;
3. The Clerk is directed to entered judgment in plaintiff's favor; and
4. The case is remanded for further proceedings consistent with this order.

DATED: September 29, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

[5] As the matter must be remanded for the reasons stated herein, the court declines to address plaintiff's remaining arguments.